

RECEIVED

AUG 2 2 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dijon R. Grissette
Douglas Postlewaite
Blanca L. Garza
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

11 C 5786
Judge Harry D. Leinenweber
Magistrate Judge Michael T. Mason

Pat Perez, Corey Hunger, lt.
Smith, Wayne Carter, Greg
Flowers, lt. Hickey, Walter
Edwards, Ron Hain, Stan Towers, D
Hanson, Mike Beatus, Brian Lewis,
c/o Osmani, c/o Salsbury, Michael Seyller
(Enter above the full name of ALL      Sgt. Eby   (see attached)
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

✓_____    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
            U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
           28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

Nemura Peralja, John Barsanti, Jason Russel, Chris Peeler, Kane County, Liam Dixon

1)b

I.    **Plaintiff(s):**

A.    Name: Dijon Grissette

B.    List all aliases: N/A

C.    Prisoner identification number: B32936

D.    Place of present confinement: Menard C.C.

E.    Address: P.O. Box 711, Menard, Il. 62259

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.    Defendant: Walter Edwards

Title: Investigator (Kane County Special Operations Unit)

Place of Employment: Kane County Sheriff's Department

B.    Defendant: Ron Hain

Title: Investigator (KCSOU)

Place of Employment: Kane County Sheriffs Department

C.    Defendant: Stan Towers

Title: Investigator (KCSOU)

Place of Employment: Kane County Sheriffs Department

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

I. Plaintiff(s):

A. Blanca L. Garza

B. n/a

C. n/a

D. n/a

E. 125 Woodlawn, Aurora, Illinois 60506

Plaintiff

A. Douglas Postlewaite

B. n/a

C. n/a

D. n/a

E. 311 Howell Place, Aurora, Illinois 60505

2) b

Defendant(s)

D. Defendant: Pat Perez
Title: Sheriff
Place of Employment: Kane County Sheriff Department

E. Defendant: Corey Hunger
Title: lieutenant (Corrections)
Place of Employment: Kane County Sheriff Department

F. Defendant: Mike Beatus
Title: Sergeant (investigations)
Place of Employment: Kane County Sheriff Department

G. Defendant: Wayne Carter
Title: lieutenant (Corrections), Command Staff
Place of Employment: Kane County Sheriff Department

H. Defendant: Greg Flowers
Title: lieutenant (Corrections)
Place of Employment: Kane County Sheriff Department

I. Defendant: Brian Lewis
Title: Deputy (Police)
Place of Employment: Kane County Sheriff Department

J. Defendant: D. Hanson
Title: Deputy (Corrections), C/O
Place of Employment: Kane County Sheriff Department

Aug 12, 2011   10:24 AM

K. Defendant: Michael Seyller
Title: Investigator (Kane County Major Crimes Task Force)
Place of Employment: East Dundee Police Department

L. Defendant: Lt. Smith
Title: lieutenant (Corrections)
Place of Employment: Kane County Sheriff Department

M. Defendant: Sgt. Eby
Title: Sergeant (Corrections)
Place of Employment: Kane County Sheriff Department

n. Defendant: C/o Osmani
Title: Deputy (Corrections)
Place of Employment: Kane County Sheriff Department

O. Defendant: C/o Salsbury
Title: Deputy (Corrections)
Place of Employment: Kane County Sheriff Department

P. Defendant: Lt. Hickey
Title: lieutenant (Corrections), classifications
Place of Employment: Kane County Sheriff Department

Q. Defendant: Sgt. Chris Peeler
Title: Sergeant (Kane County Special Operations Unit)
Place of Employment: Kane County Sheriff Department

2) d

Aug 12, 2011    10:24 AM

R. Defendant: Nemura Penyla
Title: Assistant State's Attorney
Place of Employment: Kendall County Court house

S. Defendant: John Barsanti
Title: States Attorney
Place of Employment: Kane County Court house / Judicial Center

T. Defendant: Jason Russel
Title: Investigator
Place of Employment: Aurora Police Department

U. Defendant: Liam Dixon
Title: Attorney At Law
Place of Employment: Law Offices of Liam Dixon

V. Defendant: Kane County
Title: Kane County Government
Place of Employment:

W. All the defendants, except attorney Liam Dixon, have acted, and continue to act, under color of State law at all times relevant to this complaint

Aug 12, 2011    10:24 AM

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _Dijon Grissette v. Kenneth Ramsey ect. al,_

B. Approximate date of filing lawsuit: _June 17, 2002_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _Dijon Grissette_

D. List all defendants: _Kenneth Ramsey, Chrisy Whipple, Sgt. Segall, inv. Jackson, Commander Collins_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S.D.C. 2nd District_

F. Name of judge to whom case was assigned: _Leinenweber / Mason_

G. Basic claim made: _Made State Constitutional Claims in regards to illegal seizure, malicious prosecution_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Dismissed for failure to state a claim (State Constitution)      Appealed_

I. Approximate date of disposition: _October, 2003_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

**III.**

A. Dijon R. Grissette v. Bob Streight, ect. al  05 C 1132

B. February 24, 2005

C. n/a

D. Bob Streight, Angie Lippets, c/o Lazar

E. U.S.D.C, Northern District, Eastern Division

F. Leinenweber / Mason

G.

H. Dismissed (missed deposition)

I. December, 2006 (?)

3) b

Statement of Claim: 1 of 3

1. Some time in early 2007 the plaintiff was targeted by state and federal authorities in a sting operation dubbed "land O'lakes" in the Aurora, Illinois area.

2. Defendant Pat Perez personally refered plaintiff to the authorities due to plaintiff's past association with a street gang alleged to have been involved in a 1994 homicide in Sugar Grove, Illinois hoping to force plaintiff's cooperation as an informant.

3. Defendant Pat Perez formerly was a detective who acted as lead invest-igator in said homicide being he was neighbor and friend to victim.

4. Defendant Walter Edwards was assigned the task of finding and linking plaintiff to illegal activity which he did by staging 2 fictitious drug buys outside the home of co-plaintiff Blanca Garza on August 8 and 21, 2007.

5. Defendant Edwards conducted a garbage pull at co-plaintiff Garza's residence, falsely claiming to have found indicia for plaint-iff, the address being 356 lawndale, Aurora, Illinois.

6. On August 24, 2007 while executing search of lawndale defendant Hain planted 14 grams of cocaine in a barbeque grill, charging plaintiff.

4-5 a)

Aug 12, 2011    10:24 AM

7. Around November 20, 2007 defendant Edwards oppurtuned a suspected drug dealer to state he bought drugs from plaintiff at 356 lawndale in turn for a light sentence.

8. On March 28, 2008 defendant Edwards in his affidavit for search and arrest of plaintiff stated defendant called his phone on January 16, 2008 to turn himself in but failed to do so.

9. On March 29, 2008 defendants Peeler, Edwards, Hain and Towers executed warrant arresting plaintiff, at which time the defenda-nts unlawfully seized $6,000, a Chevy van and a note book docum-enting 2 previous thefts from co-defendant Garza.

10. Defendant lewis who transported plaintiff to Kane County Jail instruc-ted booking that plaintiff was not to use phone until defendant Edwards arrived, a period of 8 hours.

11. On March 31, 2008 defendants Hain and Towers falsely accused and arrested plaintiff claiming he called and threatened to Kill Edwards on January 16, 2008, charging assault and phone Harra.

12. On April 5, 2008 defendant Dixon filed an appearance for plaintiff after receiving a $500 retainer but withdrew on May 1, 2008, apply-ing the $500 to co-plaintiff Garza's case.

4-5 b)

13. On August 29, 2008 plaintiff's police reports were seized on orders of defenda nts Carter, Perez and Smith. These reports were duplicated and given to a jail house informant.

14. In October, 2008 defendants Hain and Edwards falsified a police report by providing the State with the cell phone record of their Informant claiming it to be plaintiffs.

15. On November 11, 2008 defendant Hanson intercepted plaintiff's request to defen dant Carter and gave to jail house informant along with plaintiffs moms address.

16. On November 19, 2008 defendant Smith returned request with plaintiffs mothers address to informant a second time despite request being evidence.

17. On November 20, 2008 defendants Beatus, Seyller, Hunger, Perez and Smith facili tate d the impersonation of plaintiff by informant in the commission of solicita tion of murder on video and audio surveillance.

18. On November 24, 2008 defendant Hunger brought false charges against plaintiff, raised his classification level and moved him while Osmonic siezed his legal papers.

19. On December 3, 2008 after rewarding informant a transfer for impersonating plaintiff Hunger pressured plaintiff to be informant for restoration of classification.

18. On December 6, 2008 plaintiff was falsely charged with solicitation of murder against Walter Edwards and had his visit monitored by jail policy.

19. On December 8, 2008 plaintiff was put in level red with no privileges for demanding a jury trial per defendants Perez and Hickey; red being a term for seg

4-5 c)

regation by defendants Perez and Hickey.

20. Plaintiff suffered calculated harrassment in the form of cell searches on December 8, 9, and 12, 2008 in a effort to confiscate witness affidavits and other legal papers by defendants Eby, Osmoni and Salsbury.

21. Plaintiff was subjected to a strategically retaliatory shake down and transfer on January 13, 2008 by defendants Perez, Hickey and Smith due to plaintiffs correspondence with the I.D.O.C Jail and detention standards unit

22. Plaintiff was victimized by defendants Perez, Hickey, Carter, Smith and Hunger who all exercised a classification system which allowed for the bypassing of procedural due process by eliminating the language of administrative, punitive and protective segregation in turn for the vogue system of green, yellow and red classification.

23. That this unlawful classification system allowed defendants the ability to punish plaintiff and detainees without procedural safeguards, hearing or review, denying shaving, hygiene and healthcare products as well as visitation, clergy visitation and telephone access as is the policy of the jail in direct opposition to the Constitution, denying bedding and mattress as well.

24. In March, 2009 defendant Eby confiscated plaintiff's medication in booking area which defendant Carter later confirmed.

4-5 d)

25. On January 7, 2009 defendants Pencyla and **Seyller** met with a jail house informant allowed to stage manage plaintiff's solicitation charges and encourage him to iddependently identify another detainee as himself on video surveilance.

26. On January 9, 2009 defendant Pencyla falsely claimed plaintiff was the suspect of the 1994 homicide in Sugar Grove, Illinois while defendant Seyller gave perjured testimony that co-plaintiff Postlewaite made statements against plaintiff at preliminary hearing.

27. On March 23, 2009 defendant Hanson requested to read plaintiffs police report (portions) before he would make photo copies and also denied plaintiff medical attention refusing to notify medical plaintiff was back from Court.

28. On May 20, 2009 at approximately 6:30 a.m. defendant Hanson entered plaintiff's cell threatening retaliation because of grievances and refusing to call a Sgt. due to jail policy of c/o arbitration.

29. later that day at approximately 9:30 a.m. defendant Hanson made additional derugatory statements calling plaintiff a "cop kille-r" to which lead to aggravated battery charges against plaintiff.

30. Defendants Hickey, Carter and Smith denied plaintiff all recreati-

4-5 e)

-on time for the next 2 weeks, including visitation

31. Defendant Carter again seized/intercepted plaintiffs legal papers from legal correspondent Mari Lou Giles, which he read and returned to plaintiff, on May 29, 2009.

32. On June 5, 2009 defendant Flowers wrote plaintiff stating defendant Carter, nor his actions could or would be grieved.

33. On August 12, 2009 on motion of the State defendant Pencyla dismissed plaintiff's drug and solicitation case after plaintiff sought review of controlled purchase and evidence although Pencyla failed to explain why charges were dropped.

34. On August 16, 2010 after returning to Kane County Jail for sentencing on battery charges defendant Hickey placed plaintiff back in segregation again denying telephone access.

35. Plaintiff was denied medical attention for an abcessed tooth by the Kane County Jail between August 16, 2010 through December 21, 2010 causing undue pain and suffering of a malicious nature.

36. In October of 2010 while reviewing pre-sentence report plaintiff discovered he was charged with attempt possession on October 21, 2008 without ever being formally charged, arraigned or indicted

4-5 f)

Statement of Claim: 2 of 3

1. On January 19, 2008 defendant Edwards interviewed co-plaintiff Douglas Postlewaite in regards to the whereabouts of plaintiff Dijon Grissette.

2. Co-plaintiff Postlewaite at the time was a 21 year veteran of the Kane County Sheriff's Department (Corrections) and is the half brother of plaintiff Dijon Grissette.

3. Defendant Edwards along with task force members were briefed of a rift between plaintiff and co-plaintiff and sought co-plaintiff's cooperation in turning in plaintiff, identifying his whereabouts or causing his cooperation with law enforcement

4. Co-plaintiff Postlewaite advised task force members of his religious beliefs and job description which is to house pre-trial detainees, not arrest them, declining their offer

5. Co-plaintiff Postlewaite was at this time targeted by defendants Perez, Edwards, Hain and Towers in retaliation for which his job and pension were focused on expressed by defendant Towers verbally during a February 2008 traffic stop of co-plaintiff Garza.

6. Defendant Smith started purposely stationing this co-plaintiff on plaintiff Grissette's pod without which informant's claims could not be possible starting in Mid-November, 2008

7. Defendant Hunger provided the informant with co-plaintiff's

4-5  9)

Aug 12, 2011   10:24 AM

address, marital status and personal information used to bolster the solicitation investigation.

8. On November 19, 2008 plaintiff Grissette prepared an affidavit documenting the plans of defendants Edwards, Towers and Hain to terminate plaintiff Postlewares job and pension.

9. Defendant Perez had co-plaintiff Postlewaite suspended in December, 2008 pending investigation knowing a informant perpetrated the solicitation and the co-plaintiff had been targeted for job termination.

10. In January of 2009 defendant Pencyla as assistant States Attorney started soliciting co-plaintiff's cooperation and statement of false pretences of Grissette's attempt to obtain his help in murder for hire.

11. In February of 2009 defendant Pencyla told co-plaintiff Postlewaite if he did not cooperate he would be subpoenaed to court and eventually charged with and in connection with solicitation of murder to which his pension would be terminated.

12. Co-plaintiff Postlewaite retired after 21½ years service as a Kane County Deputy Sheriff.

4-5 h)

Statement of Claim: 3 of 3

1. On August 8 and 21, 2007 defendants Edwards, Hain, Towers and Peeler fabrica-ted fictitious drug purchases and the residence of co-plaintiff Blanca Garza in the mistaken belief plaintiff Dejon Grissette shared residence.

2. On August 24, 2007 defendants arrested co-plaintiff and unlawfully searched her vehicle without permission, planting cocaine inside.

3. During the execution of warrant defendants unlawfully searched 3 addit-ional vehicles, a detached garage, and ommitted at least 5 people present from the police report.

4. Defendant Edwards held co-plaintiff Garza under investigative hold for 5 hours telling her she was under arrest.

5. Defendant Edwards denied co-plaintiff Garza a telephone call to her lawyer, family and denied her the restroom for 5 hours despite co-plaintiff being 5½ months pregnant. Plaintiff urinated on herself.

6. Defendant Edwards after failing to obtain a statement told co-plaint-iff he would arrest her mother at which time co-plaintiff signed a statement pre-written by defendant Edwards.

7. Defendant Edwards had co-plaintiff state she gave him permission to search her vehicle.

Aug 12, 2011    10:24 AM

8. On August 31, 2007 defendants Edwards, Hain, Towers and Peeler return-ed to 356 lawndale, unlawfully entered, searched and seized $3,000 and a cell phone which Edwards called and threatened co-plaintiff with.

9. The pretense which defendants gave for the illegal search was the appre-hension of plaintiff Grissette despite his arrest warrant not being issued until September 6, 2007.

10. Defendants Edwards, Hain and Towers then began stalking co-plaintiffs job, lawyers office and conducted traffic stops during which time Hain interrogated children ages 6-12 on Grissette's whereabouts.

11. On September 3, 2007 co-plaintiff Garza retained defendant Dixon as legal counsel for the express purpose of filing a motion to suppress evidence and filing a complaint with internal-affairs.

12. On February 8, 2008 defendants Hain and Towers pulled over co-plaintiff Garza on the express way, during which Towers held Garza outside her vehicle for approximately 45 minutes threatening and verbally assaulti-ng her.

13. In addition to attempts at intimidating co-plaintiff Towers stated that co-plaintiff Postlewaite would soon be loosing his job due to being Grisset-te's brother.

4-5

14. During traffic stop both Hain and Towers made co-plaintiff exit vehicle leaving her 3 month son inside unattended, taking her keys and leaving the doors open.

15. Defendant Towers called co-plaintiff's son a bastard while Hain who suffered a infection coughed purposely in Garza's son's face on numerous times, searched the vehicle with only his dog and Garza's son inside, stealing $500 from her purse.

16. Defendant Dixon had co-plaintiff Garza prepare a summary of harrassment he promised to file with internal affairs but never did, allowing plaintiff Grissette to be accused of offering $3,000 and $500 to kill defendants Edwards, Hain and Towers.

17. Around June of 2008 defendant Dixon told co-plaintiff Garza he would be increasing the legal fee from $10,000 to $15,000, the second such increase in 5 months.

18. Defendant John Barsanti caused to be filed against Garza felony disorderly conduct charges for her testimony on behalf of plaintiff Grissette on battery charges in September of 2008.

19. In December 2008 defendant Dixon admitted failing to file internal affairs report against investigators, refused to file or argue suppression motion, counseled Garza to lie against Grissette.

4-5 K)

20. Around June of 2009 defendant Dixon told Garza someone had to plead guilty, she had to testify against Grissette and if she spoke to Grissette he would withdraw from her case.

21. Defendant Dixon then counseled co-plaintiff Garza to forge the signature on her bond slip for $5,000 at threat of immediately withdrawing from her case.

22. Defendant Dixon intentionally dragged out co-plaintiff Garza's case an additional 2 months after plaintiff Grissette's case was dismissed.

23. Defendants Dixon, Pencylo and Barsanti intentionally delayed co-plaintiff Garza's disorderly conduct case from February, 2009 until January 19, 2011 in attempt to have co-plaintiff testify at Grissette's sentencing hearing.

4-5 L)

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need. Attach extra sheets if necessary.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4

5

## Claims for Relief

1. The actions of defendants Edwards, Hain, Towers, Peeler and Lewis, Perezin Conspiratorily planning and committing the torts of false arrest, imprisonment, malicious prosecution, intentional infliction of mental and emotional distress, invasion of privacy and various deprivations of property for the purpose of making plaintiffs State informants without probable cause, harrassing co-plaintiff Postlewaite in retaliation for the improper purpose of punishment were done maliciously, sadistically, wanton and recklessly Constituted cruel and unusual punishment, illegal search and seizure, violation of right to remain silent, due process and unrestricted prosecution violating the First, Fourth, Fifth, Eigth and Fourteenth Amendments of the U.S. Constitution.

2. The actions of defendants Perez, Hanson, Beatus, Seyller, Pencyla and Barsanti as well Hunger in using their positions to facilitate the false charge of solicitation of murder for hire, seizing, duplicating and redistributing plaintiffs legal papers to informants, providing a deceptive environment where informants were encouraged and allowed to impersonate plaintiff, giving false testimony while under oath, delaying trial of said charged, constituting illegal seizure, deprivation of liberty, denial of speedy trial and confrontation of witnesses, deliberate indifference and due process violating the Fourth, First, Fifth, Sixth, Eigth and Fourteenth Amendments of the U.S. Constitution.

3. The actions of defendants Perez, Smith, Pencyla and Carter in purposely scheduling plaintiff Postlewaite's work detail to accomodate defendants

6 a)

false charges, deliberate indifference, calculated harrassment, retaliation by targeting Postlewaite for being a Christian and brother to Grissette and effecting his early retirement by threatening to change him unless he gave false testimony, constituting religious discrimination, deliberate indifference, denial of privilege to be free from the tort of libel and slander, violating the First, Fifth, Eigth and Fourteenth Amenelments to the U.S. Constitution.

4. The actions of defendants Perez, Carter, Hickey, Hunger, and Smith in unlawfully placing plaintiff in "red status", refusing to classify as disciplinary, administrative or protective, denying telephone access, clergy visitation, legal material, health and hygiene products, mattress and bedding for 9 months, denying grievance procedure and administrative review, defendants being in charge of administration, classification and the CRT team, constituting denial of redress of grievances, illegal seizure, deliberate indiffence, denial of due process and Equal protection and Court access violating the First, Fourth, Eigth, Fourteenth amendments as well as the Privileges and Immurities clause of the U.S. Constitution.

5. The actions of defendants Carter, Flowers, Eby, Hanson, Osmoni and Salsbury in the continuous harrassment, seizure of legal documents, affidavits, interception of request to legal correspondent, denial of medical care, seizure of medication and denial of grievance procedure all violations of the First, Fourth, Eigth and Fourteenth Amendments as well as Article Four of the U.S. Constitution.

6. The actions of defendants Dixon and Hunger in intercepting the request / complaints to internal affairs as well as Dixon's delay in Garza's trial, refusal to file motion to suppress, fraud and theft in the amount of fee's received without services rendered constituting the denial of redress, interception, delayed legal proceedings, deliberate indifference and violation of due process, all violations of the First, Fourth, Sixth, Eigth and Fourteenth Amendments of the U.S. Constitution.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

**A.** Issue a declaratory judgment stating that:

1. The false arrest of plaintiff's for drugs and phone harrassment violated the plaintiff's rights under the Fourth, Eigth and Fourteenth Amendments to the United States Constitution and constituted false arrest, false charges, false imprisonment and malicious prosecution under state law.

2. The conspiracy to initiate criminal charges was initiated by defendant Perez in the hopes of solving a cold case by way of deliberate indifference causing mental and emotional distress wantonly and recklessly

6 C)

Aug 12, 2011    10:24 AM

3. The defendants Hain and Towers assaulted and caused the hospitalization of plaintiffs 3 month old son maliciously, sadisticly and intentionaly.

4. The defendants Hunger, Smith, Carter, Beatus, Seyller, Pencyla, Hanson and Barsanti used their positions to facilitate and wrongfully charge plaintiff with solicitation of murder for hire.

5. The defendants Carter, Perez, Hickey, Hunger and Smith unlawfully used their positions to isolate and deprive plaintiff of the telephone, mattress, bedding, hygiene, health care products and access to courts violating the plaintiff's rights under the First, Fourth, Fifth, Eigth and Fourteenth Amendments to the United States Constitution.

B. Issue an injunction ordering Perez, Carter or their agents to:

1. Establish a classification system subject to procedural due process classifying segregation as either disciplinary, administrative or protective in nature immediately disbanding the vague classification system of Red, yellow and green status.

2. Allow pre-trial detainees in segregation access to telephone, mattress, bedding, legal and writing materials, shaving supplies such as magic shave, health and hygiene products sold to general population.

(6 d)

3. Overhaul and undo current visitation system allowing for pre-approval of immediate family visits while mandating weekly scheduling, birth certificates for children weekly, denial of clergy visits and encouraging weekly visiting denial of requests

4. End the unrestrained shackling of detainees for periods up to ten hours while on court call yet never leaving facility

C. Award compensatory damages jointly and severally against:

1. Defendants Perez, Peeler, Edwards, Hain, Towers, and Lewis for the physical, mental and emotional injuries caused to plaintiffs and their son as a result of false arrest, false charges, false imprisonment, malicious prosecution and assault to my son.

2. Defendants Perez, Beatus, Scyller, Russel, Dixon, Pencyla, Barsonti and Hanson for the cruel and unusual punishment inflicted against plaintiff and violation of due process in the bringing of solicitation of murder for hire charges.

3. Defendants Perez, Carter, Hickey, Flowers, Hunger, Smith and Hanson for using their positions to segregate plaintiff and deny him phone, mattress, bedding, legal materials while systematically searching and seizing his police reports for the purpose of duplicating

w e)

Aug 12, 2011    10:24 AM

and redistributing to informants.

4. Defendants Eby, Hanson, Osmani and Salsbury for seizing plaintiff's legal papers, denying him medical attention while in segregation, seizing his medication while causing physical and emotional injury by failing to provide adequate medical care.

5. Defendants Edwards, Peeler, Hain, Towers, Smith and Seyller for retaliating against co-plaintiff Postlewaite for his religious beliefs and for being brother of plaintiff Grissette, targeting his job and pension by falsely accusing him in helping plaintiff facilitate murder for hire while scheduling Postlewaite intentionally to work near plaintiff and informant to validate defendants claims; violating freedom of religion, speech, due process deliberate indifference as well as citizen privilege.

D. Award punitive damages against defendants Perez, Edwards, Hain, Towers, Peeler, Lewis, Dixon, Carter, Hickey, Flowers, Hunger, Smith, Eby, Hanson, Osmoni, Salsbury, Beatus, Seyller, Russel, Percyla, Barsanti

E. Grant such other relief as it may appear that plaintiff is entitled.

August 9, 2011
Respectfully submitted
Dijon Grissette

(6 F)

**V.** **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_____

_____

_____

_____

_____

_____

**VI.** The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __9__ day of _August_, 20 _11_

_Dijon R. Grissette_

(Signature of plaintiff or plaintiffs)

_Dijon R. Grissette_
(Print name)

_B32936_

(I.D. Number) _Menard C.C._

_P.O. Box 711_

_Menard, Il 62259_

(Address)

6

Case: 1:11-cv-05786 Document #: 1 Filed: 08/22/11 Page 31 of 34 PageID #:31

# OUR TOWNS

THE BEACON NEWS • A3 • TUESDAY, DECEMBER 9, 2008 • AU • WWW.BEACONNEWSONLINE.COM

# Man charged with trying to hire hit man to kill cop

**■ Already in jail:** Prosecutors say inmate wanted to harm detective who took part in drug arrest

By Matt Hanley
MHANLEY@SCN.COM

Already facing drug-battery and harassment charges, a Plano man tried to strike back at one of the officers who arrested him, prosecutors say.

Dijon Grissette, 35, of the 600 block of Center Avenue, has been charged with trying to hire someone to kill a Kane County detective, police said.

Grissette has been in the last week of November Gris-

sette approached another person to see if they knew someone who would kill the detective involved in his case. Police would not comment on whether the person Grissette allegedly contacted was also being held in the Kane County jail.

Kane County Sheriff Pat Perez would not identify the detective targeted by the threat, but he said the detective was not the primary investigator on Grissette's cases. The detective

Kane County jail since August when he was charged with possession of a more than 15 grams of cocaine, harassment by telephone and aggravated battery.

According to police, in

**Dijon Grissette**

did assist in Grissette's arrest, Perez said.

Police and prosecutors released little information on the specifics of the threat Monday. However, the Kane County state's attorney's office determined the threat was credible.

"We take any threat seriously," Perez said.

After Grissette asked the other person to find a hit man, that person contacted law enforcement, police said. At that

point, an officer pretending to be the hired hit man approached Grissette, police said.

The sheriff's office contacted the Kane County Major Crimes Task Force for the investigation. The Major Crimes Task Force is made up officers from departments all over the county.

"We wanted to make sure we had a level of separation," Perez said.

Grissette appeared at bond call Saturday in the Kane Coun-

ty courthouse, where his bail was set $4 million by Judge Allen Anderson. Grissette is still being held at the county jail.

He is scheduled to appear in court on charges of solicitation for murder and solicitation for murder for hire at 9 a.m. Dec. 11.

If he were convicted, Grissette could be sentenced to up to 40 years in prison, according to the Kane County state's attorney's office.

Comment at beaconnewsonline.com

THE CHRONICLE / kcchronicle.com

LOCA

# Charges dropped in murder-for-hire case

**By KATE THAYER**

kthayer@kcchronicle.com

ST. CHARLES – Charges were dropped Wednesday against a jail inmate, accused in an alleged murder-for-hire scheme against a Sheriff's deputy.

Dijon R. Grissette was charged last December with one count each of solicitation of murder and solicitation of murder for hire.

Those charges were dropped Wednesday.

**Dijon R. Grissette**

Prosecutors originally claimed Grissette, while in jail for a 2007 drug arrest, offered $2,000 to another inmate to kill a Sheriff's deputy.

Grissette, 35, pleaded not guilty to the charges.

Assistant State's Attorney Nemura Pencyla said Wednesday that after a review of the case, prosecutors decided to dismiss the charges.

"Over the course of the investigation ... we found other evidence we were not told originally when [Grissette] was first charged," he said. "Because of that review process and the constant analysis of the evidence ... we made a determination that we will not proceed at this time."

But, Pencyla added, the case is back in an investigative stage.

"The legal proceedings are over, but we're still looking [at the case]," he said.

Pencyla said he could not elaborate on the new evidence that led to the dismissal of the charges.

He also said that prosecutors were held to a legal timeline in the case – set by law – and that dropping the charges gives them more time to "take a step back" to examine the case.

"This allows us to continue this investigation to determine what, if any, additional charges should be brought against anyone involved," he said.

Drug charges against Grissette also were dropped, Pencyla said.

However, Grissette remains in jail, charged with aggravated battery to a corrections officer – that offense stems from an incident in the jail earlier this year.

Sheriff's Lt. Pat Gengler said Wednesday that he could not comment on the dismissal of charges, but he said a veteran corrections officer placed on leave in connection with the case was never disciplined.

Doug Postlewaite, a 21½ year veteran corrections officer, was placed on paid leave last December, relating to an internal investigation. Grissette is his half-brother.

Postlewaite has since retired, Gengler said. He was never arrested, charged or disciplined, he added.

Prosecutors said earlier this year that Grissette wanted Postlewaite to provide him with contact information for the Sheriff's deputy.

Grissette returns to court on the battery charge Sept. 16.

---

## BRIEF

### County Board holding property tax clinics

GENEVA – The Kane County Board of Review will offer nine property tax clinics for Kane County taxpayers.

The clinics will are intended to help taxpayers understand how property taxes work, including an explanation of recent changes in the law; dispel myths about taxes and assessments; explain the appeal process, and provide the forms and rules to file appeals; and provide an opportunity for taxpayers to get homestead exemptions.

The first clinic will be 6 to 8 p.m. Tuesday, and the clinics will continue at the same time on the first and third Tuesdays through Dec. 15 in the auditorium of Building A in the Kane County Government Center Campus on Route 31.

Taxpayers and practitioners such as attorneys, appraisers and brokers, are invited.

For information, call the Board of Review office at 630-208-3818 or visit

– *The Chronicle*

Aug 3, 2011    9:45 AM

Class X Drug Case 1:11-cv-05786 Document #: 1 Filed: 08/22/11 Page 33 of 34 PageID #:33



« Drug Possession v. Intent To Deliver – a world of difference
Destroyed Evidence in North Aurora: A Drug Case Legacy of Case Dismissed »

# Class X Drug Case Dismissed

In Kane County, with my Aurora, Illinois, client charged with a Class X drug case (cocaine), possession with intent to deliver, the prosecution dismissed the charges this week of August 10, 2009, and my client will see the light of day again. While the prosecution didn't outright say why it dismissed the case, my drug defense investigation and that of my hired investigator, Ed Herdrich Investigations and Consulting, revealed some troublesome facts about what the police had claimed.

This is the sort of situation that proves again that it is the investigation work done that helps the client, often more so than the trial lawyering itself. Drug defense work often needs this sort of dedication to reach a successful result for the client. Expertise and trial lawyer abilities offer very little without dedication to work the streets and challenge the evidence.

It is my policy to actually look at the evidence, go to the scene and interview the witnesses. In the above case, we found witnesses left out of the police report. I am grateful once again to the dedicated, dogged efforts of Ed Herdrich, who went with me, eagerly, on a Sunday, and out on his own in the evenings, to find witnesses and evidence issues that may very well have made the difference.

Tags: Drug defense cocaine possesion delivery

This entry was posted on Wednesday, August 12th, 2009 at 4:38 pm and is filed under Getting the Not Guilty. You can follow any responses to this entry through the RSS 2.0 feed. You can leave a response, or trackback from your own site.

## Leave a Reply

Name (required)

Mail (will not be published) (required)

Website

Aug 3, 2011     9:44 AM

OFFICE OF THE SHERIFF
# SHERIFF PATRICK B. PEREZ
**37W755 IL ROUTE 38
ST. CHARLES, IL  60175**
www.kanesheriff.com
Fax 630/513-5059

**PATRICK B. PEREZ**
Sheriff
630/208-2000



**DAVID E. WAGNER**
Chief Deputy
630/208-2031

July 25, 2011

Dijon Grissette
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

Mr. Grissette,

An investigation has been conducted into your report of misconduct by members of this department.  The investigation established that the conduct of the concerned employee(s) was contrary to the Rules and Regulations of this department.  You may be assured that this department does not tolerate such conduct and that appropriate disciplinary action has been administered.

Thank you for bringing this matter to our attention.  If you any questions concerning this investigation please feel free to contact me.

Sincerely,

Sgt. Craig Campbell #612
Kane County Sheriff's Office
Office of Professional Standards

Aug 3, 2011    9:45 AM