# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5786 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Dijon R. Grissette (B32936) vs. Pat Perez, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to make monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Menard Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. The Court dismisses without prejudice any state law claim and claims that plaintiff attempts to bring on behalf of plaintiffs Douglas Postlewaite and Blanca L. Garza. The plaintiff was previously assessed a strike under § 1915(g) in *Grissette v. Ramsey*, No. 02 C 4325 (N.D. Ill.), and *Grissette v. Hill*, No. 05 C 1132 (N.D. Ill.). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). Plaintiff's motion for appointment of counsel (Dkt. No. 5), and any other pending motions are moot. The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Civil Case Terminated.

■[ For further details see text below.]   Docketing to mail notices.
Mailed AO 450 form.

# STATEMENT

Pro se plaintiff Dijon R. Grissette has brought suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 5).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $45.58. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Turning to the initial review of plaintiff's complaint, (Dkt. No. 1), the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

## STATEMENT

relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original). "Any written instrument attached to the complaint is considered part of the complaint." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing FED. R. CIV. P. 10(c)).

Plaintiff alleges that he was the target of an ill fated criminal investigation by the Kane County Sheriff's Department beginning in 2007. The police wanted to make plaintiff into an informant because of his gang activities and potential knowledge regarding a 1994 murder. They did this by falsely accusing him of crimes in an attempt to gain his cooperation.

The defendant officers allegedly framed plaintiff on two drug charges and planted drugs at his house in 2007 resulting in a 2008 arrest. In November 2008, the defendants also falsely framed plaintiff in a murder for hire scheme resulting in charges in December 2008. Plaintiff was already in jail at that time so the murder for hire charges resulted in his placement in segregation and the loss of privileges. Plaintiff was continually harassed by the defendant police defendants while he was in jail during 2009. The drug and murder for hire charges were dropped on August 12, 2009.

In addition to plaintiff's own issues, plaintiff also seeks to raise the alleged unlawful conduct for plaintiffs Douglas Postlewaite and Blanca L. Garza. Postlewaite is a Kane County correctional officer and plaintiff's half brother. Apparently, the police officer defendants attempted to get Postlewaite to join their scheme. Postlewaite refused and so they retaliated against him by terminating his job. Garza is plaintiff's girlfriend. She too was subjected to the alleged framing scheme. Plaintiff brings suit against the police officers, correctional officials, prosecutors and county involved in the alleged framing.

Plaintiff cannot bring suit on behalf of other plaintiffs because he is proceeding pro se and pro se parties may only represent themselves. *Hernandez v. City of Chicago*, No. 10 C 7544, 2011 WL 149455, at *2 (N.D. Ill. Jan. 14, 2011) (citing 28 U.S.C. § 1654; *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)). Plaintiff's claims on behalf of Postlewaite and Garza are dismissed without prejudice.

As to plaintiff's case, he faces a two-year statute of limitations for his claims, and the statute of limitations traditionally begins to run once Plaintiff was detained by legal process. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Brooks v. City of Chicago*, 564 F.3d 830, 831 (7th Cir. 2009). Plaintiff's case is predicated on a misunderstanding of the statute of limitations and the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff appears to have believed that he had two years to file his complaint began upon the dropping of the

**STATEMENT**

drug and murder charges on August 12, 2009. Plaintiff included a note with his complaint stating that he submitted his complaint for mailing on August 12, 2011 apparently to comply with the statute of limitations as he understood it. (Dkt. No. 4).

However, any claim for false arrest or false imprisonment would have accrued once plaintiff was brought before a magistrate or arraigned on the charges and this would have occurred in 2008. *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010). This means that his statute of limitations period expired in 2010 before he filed his complaint in August 2011. Plaintiff could have a malicious prosecution claim that would not accrue until the dropping of the charges in August 2009. *Id*. However, the problem with any potential malicious prosecution claim is that this is a state law claim and the Court declines to exercise supplemental jurisdiction over this state law claim when there is no federal claim in the case. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011).

Thus, it is appropriate for the Court to raise the statute of limitations defense *sua sponte* at this stage in the proceedings because the elements of the statute of limitations defense appear on the face of the complaint. *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)) ("[A] district court can raise an affirmative defense *sua sponte* when a 'valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'"). It is clear that plaintiff cannot set forth a valid federal claim so giving him leave to amend his complaint would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff complaint must be dismissed and a strike assessed under 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. Plaintiff was previously assessed a strike under § 1915(g) in both *Grissette v. Ramsey*, No. 02 C 4325 (N.D. Ill. June 25, 2002) (Leinenweber, J.) (failure to state a claim), and *Grissette v. Hill*, No. 05 C 1132 (N.D. Ill. Mar. 8, 2005) (Leinenweber, J.) (failure to state a claim). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C), and comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), as explained in the preceding paragraph. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to make monthly deductions in

| STATEMENT |
|---|
| accordance with this order.  The clerk shall send a copy of this order to the trust fund officer at the Menard Correctional Center.  The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A.  The Court dismisses without prejudice any state law claim and claims that plaintiff attempts to bring on behalf of plaintiffs Douglas Postlewaite and Blanca L. Garza.  The plaintiff was previously assessed a strike under § 1915(g) in *Grissette v. Ramsey*, No. 02 C 4325 (N.D. Ill.), and *Grissette v. Hill*, No. 05 C 1132 (N.D. Ill.).  This case is the plaintiff's third strike.  He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).  Plaintiff's motion for appointment of counsel (Dkt. No. 5), and any other pending motions are moot.  The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff.  Civil Case Terminated. |