Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5786 | **DATE** | 3/26/2012 |
| **CASE TITLE** | colspan="3" | Dijon R. Grissette (B32936) vs. Pat Perez, et al. |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 29), is denied. 28 U.S.C. § 1915(g); *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999). The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Dijon R. Grissette brought this suit pursuant to 42 U.S.C. § 1983 raising constitutional claims arising from his criminal prosecution. On October 3, 2011, the Court dismissed his suit. (Dkt. No. 9). The Court also warned Plaintiff, pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), that he had accrued three strikes under 28 U.S.C. § 1915(g). He was warned that he would have to alert a federal court of his prior strikes when bringing any new case or appeal, and could not bring a motion for leave to proceed IFP unless he was in imminent danger.

Plaintiff has appealed to the United States Court of Appeals for the Seventh Circuit and has brought a motion for leave to proceed IFP on appeal. (Dkt. No. 29). The motion does not comply with *Sloan* and § 1915(g), because he did not detail his prior strikes and he is not in imminent danger.

*Sloan* explained that its ruling applies to both cases in the district courts and to appeals before the Seventh Circuit. 181 F.3d at 858-59. Thus, the Court must reject Plaintiff's IFP on appeal motion for several independent reasons. First, he has struck out and failed to disclose this fact when bringing his IFP on appeal petition. *Sloan* requires automatic denial for this attempted fraud on the Court. *Id*. Second, Plaintiff has not paid his outstanding fees in this and his other cases. This too is required by *Sloan* as a prerequisite for bringing future litigation. *Id*. Finally, beyond the *Sloan* bar, the Court certifies, that this action does not raise a substantial issue meriting appellate review and the appeal is not brought in good faith. 28 U.S.C. § 1915(a)(3). The Court would deny the IFP on appeal motion on the merits even if Plaintiff could overcome the *Sloan* bar.

Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the

| STATEMENT |
|---|

institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

If Plaintiff wishes to contest this Court's ruling, he must file a motion with the Court of Appeals within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5); *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.